## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: G.P.**

**No. 13-0411** (Braxton County 12-JA-24)

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father filed this appeal, by counsel Daniel R. Grindo, from the Circuit Court of Braxton County, which adjudicated him as an abusive and neglectful parent to child G.P. by order entered on March 11, 2013. The guardian ad litem for the child, David Karickhoff, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walters, has also filed a response in support of the circuit court's order. Petitioner contends that the circuit court's finding of abuse and neglect was inconsistent with the evidence presented.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed the abuse and neglect petition in the instant case, alleging abuse and neglect by petitioner through his infliction of physical and emotional injury to one of the three children in the home, J.H. Aside from J.H. and the subject child, G.P., child P.H. also lived in the home with petitioner. Petitioner is the biological father of G.P. only. Petitioner's girlfriend, who also resided in the same home, is the biological mother of J.H. and P.H., but not G.P. G.P. currently resides elsewhere with her biological mother who was a non-offending respondent parent in the proceedings. Petitioner currently exercises supervised visitation with G.P.

The petition also stated that petitioner was placed under criminal bond to prohibit contact with J.H. The circuit court heard testimony from J.H. and the DHHR at the preliminary hearing and found probable cause to proceed with the case. After hearing further testimony at the adjudicatory hearing, the circuit court found that petitioner inflicted physical injury onto J.H. by kicking and hitting him, from which J.H. sustained bruises. Based on these findings, the circuit court adjudicated petitioner as an abusive and neglectful parent to all three children who resided in the home. Petitioner appeals this adjudication.[1]

---

[1] This case was ultimately dismissed by order entered on March 28, 2013; neither parent had their parental rights terminated to any of the children. All children currently reside separately with their biological parents who were non-offending parents in this matter.

1

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court improperly found abuse and neglect. Petitioner argues that this finding was inconsistent with the evidence presented to the circuit court. In support, petitioner asserts that J.H.'s testimony during the proceedings was inconsistent and that petitioner's conduct did not rise to the level of abuse or neglect. Petitioner further argues that no evidence was presented that raised any concerns about the safety of G.P. or that petitioner had abused or neglected her in any way.

Upon our review of the record, we find no error or abuse of discretion by the circuit court's adjudication. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). As provided in West Virginia Code § 49-1-3(1)(A), "abused" children include those children whose health or welfare are harmed or threatened because they reside in the same home where the subject parent inflicts physical or emotional injury to another child in the home. The record supports the circuit court's decision to adjudicate petitioner as an abusive and neglectful parent. Our review of the preliminary and adjudicatory hearing transcripts supports the circuit court's findings upon which it based its adjudication of petitioner. The circuit court made clear findings on the record that petitioner had kicked and hit J.H. The testimony also indicates that G.P. was in the home during this time. The circuit court further found that J.H. sustained injuries as a result of his altercation with petitioner and that, following this altercation, petitioner was prohibited from contacting J.H. by a criminal bond petition. We find no abuse of discretion in the record to warrant overturning the circuit court's decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 21, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II